# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:08cv0937 LJO DLB |
| Petitioner, | ) | |
| v. | ) | ORDER GRANTING PETITION FOR SUMMARY ENFORCEMENT OF ADMINISTRATIVE SUBPOENA |
| RICHARD CHAVEZ, | ) | (Document 1) |
| Respondent. | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:08cv938 OWW DLB |
| Petitioner, | ) | |
| v. | ) | ORDER GRANTING PETITION FOR SUMMARY ENFORCEMENT OF ADMINISTRATIVE SUBPOENA |
| BILL DONOVAN, | ) | (Document 1) |
| Respondent. | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:08cv939 LJO DLB |
| Petitioner, | ) | |
| v. | ) | ORDER GRANTING PETITION FOR SUMMARY ENFORCEMENT OF ADMINISTRATIVE SUBPOENA |
| HUNTER P. NADLER, | ) | (Document 1) |
| Respondent. | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:08cv941 AWI DLB |
| Petitioner, | ) | |
| v. | ) | ORDER GRANTING PETITION FOR SUMMARY ENFORCEMENT OF ADMINISTRATIVE SUBPOENA |
| TOM LINSCHEID, | ) | (Document 1) |
| Respondent. | ) | |

Petitioner United States of America ("Petitioner") filed the instant petitions for summary enforcement of United States Department of Agriculture ("USDA"), Agricultural Marketing Service ("AMS") subpoenas duces tecum issued to Respondents Richard Chavez, Bill Donovan, dba Donovan Farms, Hunter P. Nadler, and Tom Linscheid ("Respondents") in June 2007. The matter was heard on September 4, 2008, before the Honorable Dennis L. Beck, United States Magistrate Judge. Kimberly A. Gaab appeared on behalf of Petitioner. Brian C. Leighton appeared on behalf of Respondents.

**PROCEDURAL AND FACTUAL HISTORY**

AMS is investigating whether Respondents violated the Marketing Order for Raisins Produced from Grapes Grown in California, 7 C.F.R. pt. 989 ("Raisin Marketing Order") during the period December 1, 2003, through July 31, 2006. Specifically, AMS is attempting to determine whether Respondents engaged in the handling of raisins, and if so, whether Respondents complied with the requirements of the AMAA and the Raisin Marketing Order during the relevant period. The AMS is also investigating Marvin and Laura Horne and their various entities. The AMS therefore believes that Respondents have information that can either (1) confirm that the Hornes, et al., engaged in handling activities; or (2) establish that Respondents, rather than the Hornes, et al., were handlers during the relevant time period.

For the purposes of this investigation, AMS issued subpoenas duces tecum to Respondents in June 2007, and the subpoenas were properly served. Respondents did not appear at the appointed times and no documents were produced.

On July 3, 2008, Petitioner filed the instant actions to enforce the subpoenas. The Court issued an order to show cause why the subpoenas should not be enforced and set the matter for hearing.

**DISCUSSION**

A.  Legal Standard

The scope of judicial inquiry in an agency subpoena enforcement proceeding is quite narrow. Petitioner is entitled to enforcement of the subpoena if (1) Congress has granted it the authority to investigate; (2) the procedural requirements have been followed; and (3) the

evidence is relevant and material to the investigation.  E.E.O.C. v. Children's Hosp. Med. Ctr. of N. Cal., 719 F.2d 1426, 1428 (9th Cir. 1983) (overruled on other grounds).  If Petitioner establishes these factors, the subpoena should be enforced unless Respondents can prove that the inquiry is unreasonable because it is overbroad or unduly burdensome.  Id.

Section 10(h) of the AMAA, 7 U.S.C. § 610(h), incorporates and vests in the Secretary of Agriculture the subpoena power set forth in Section 9 of the Federal Trade Commission Act, 15 U.S.C. § 49.

B.      Analysis

Respondents do not dispute that Congress has granted the USDA authority to investigate nor do they contend that Petitioner failed to follow the procedural requirements.  Instead, they argue that the subpoenas are overbroad and burdensome.  They also attempt to asset their Fifth Amendment privileges should the Court uphold the subpoenas.

As to the reasonableness of the subpoena, the requested documents are relevant to the USDA's investigation because they are related to the investigation into whether Respondents were acting as handlers during the specified time frame, i.e., they relate to the acquisition and/or purchase or raisins.  That said, the Court has previously determined that customer identifying information may be replaced with numerical identifiers that will allow identification should it become necessary, and it will allow the same method here to the extent it is applicable.  Petitioner has also previously indicated that a narrow set of documents would suffice and has acceptance of a small number of documents in a related action.  Indeed, both parties agreed to the limitations previously set forth during the hearing.

Finally, insofar as Respondents cite their Fifth Amendment rights, the Court again finds that the privilege is a *testimonial* privilege and does not apply under these circumstances.  In re Grand Jury Subpoena, Dated April 18, 2003, 383 F.3d 905, 909 (9th Cir. 2004).  Respondents attempt to circumvent this result by contending that the subpoenas also request testimony, but the only testimony required would concern the authentication of documents rather than anything of substance to which the privilege would apply.

**ORDER**

Accordingly, based on the above, the petitions for summary enforcement of the administrative subpoenas are GRANTED.  Pursuant to the discussion at the hearing, Respondents Donovan, Nadler and Linscheid SHALL produce, through counsel, all responsive documents within thirty (30) days of the date of the hearing.  Based on counsel's concern as to the health of Respondent Chavez, he will be given sixty (60) days to produce responsive documents.

IT IS SO ORDERED.

Dated:   **September 5, 2008**                          **/s/ Dennis L. Beck**
                                                      UNITED STATES MAGISTRATE JUDGE